**Derrick QUINTERO, Petitioner–Appellee,**

v.

**Ricky BELL, Warden, Respondent–Appellant.**

**No. 99–6724.**

United States Court of Appeals, Sixth Circuit.

Submitted: March 15, 2001.

Decided and Filed: May 24, 2004.

Paul L. Whalen (briefed), Ft. Thomas, KY, for Petitioner-Appellee.

Derrick Quintero, Nashville, TN, pro se.

Rickie L. Pearson, Asst. Attorney Gen. (briefed), Frankfort, KY, for Respondent-Appellant.

Before KEITH, NORRIS, and DAUGHTREY, Circuit Judges.

**OPINION**

ALAN E. NORRIS, Circuit Judge.

Petitioner Derrick Quintero brought this action for a writ of habeas corpus in federal district court, alleging that he had suffered ineffective assistance of counsel because his attorney failed to object to the presence of seven jurors who had served on the juries that convicted his co-conspirators. The district court conditionally granted the writ, and we affirmed in a published opinion. *Quintero v. Bell,* 256 F.3d 409 (6th Cir.2001). Respondent warden filed a petition for certiorari with the United States Supreme Court. The Supreme Court granted certiorari and vacated our opinion, remanding for reconsideration in light of its opinion in *Bell v. Cone,* 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). *Bell v. Quintero,* 535 U.S. 1109, 122 S.Ct. 2324, 153 L.Ed.2d 152 (2002). Because *Cone* is distinguishable on its facts, we affirm the judgment of the district court and reinstate our original opinion.

In *Cone,* the Supreme Court reversed a decision of this court granting a petitioner a writ of habeas corpus. In that case, the petitioner, Cone, had been sentenced to death at a hearing in which his counsel failed to introduce any evidence of mitigation or make a closing statement. We determined that defense counsel's failures were so egregious that they permitted a presumption of prejudice, relying on the Supreme Court's decision in *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). In *Cronic,* the Supreme Court permitted prejudice to be presumed where "counsel entirely fail[ed] to subject the prosecution's case to mean-

ingful adversarial testing, [creating] a denial of Sixth Amendment rights that ma[de] the adversary process itself presumptively unreliable." *Cronic,* 466 U.S. at 659, 104 S.Ct. 2039.

The Supreme Court disagreed with our application of the rule in *Cronic* to Cone's case. The Court determined that because "his counsel [did not] fail[ ] to oppose the prosecution throughout the sentencing proceeding as a whole, but ... failed to do so at specific points[,]" Cone was not entitled to a presumption of prejudice, because that presumption arose under *Cronic* only "if counsel *entirely* fail[ed] to subject the prosecution's case to meaningful adversarial testing." *Cone,* 535 U.S. at 697, 122 S.Ct. 1843 (quoting *Cronic,* 466 U.S. at 659, 104 S.Ct. 2039) (emphasis in original).

On reviewing the Supreme Court's decision in *Cone* and the facts of this case, we conclude that the case at bar is distinguishable. Because the alleged deficient performance in *Cone* affected only specified parts of Cone's trial, prejudice could not be presumed. In the case at bar, on the other hand, counsel's acquiescence in allowing seven jurors who had convicted petitioner's co-conspirators to sit in judgment of his case surely amounted to an abandonment of "meaningful adversarial testing" *throughout* the proceeding, making "the adversary process itself presumptively unreliable." *Cronic,* 466 U.S. at 659, 104 S.Ct. 2039. Accordingly, *Cone* is distinguishable, and petitioner is entitled to a presumption of prejudice.

For the foregoing reasons, the judgment of the district court is **affirmed** and our previous opinion in this matter, *Quintero v. Bell,* 256 F.3d 409 (6th Cir.2001), is **reinstated**.